IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01587-BNB

JEFF R. CISNEROS,

    Plaintiff,

v.

DSD CHIEF LOVINGER,
CAPT. BLAIR, Denver Sheriff's Department,
CAPT. GUERRO, Denver Sheriff's Department,
CAPT. RECRDA, Denver Sheriff's Department,
CAPT. KOPYLOU, Denver Sheriff's Department,
MAJOR ANDERSON, Denver Sheriff's Department,
MAJOR CONNORS, Denver Sheriff's Department, and
MAJOR WILSON, Denver Sheriff's Department,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 11 2006

C. LANGHAM
CLERK

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff Jeff R. Cisneros is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and 28 U.S.C. § 1343. He also asserts jurisdiction under several different Colorado state statutes.

The Court must construe the Complaint liberally, because Mr. Cisneros is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Cisneros will be ordered to file an Amended Complaint and to show cause why the action should

not be dismissed for failure to exhaust the Denver County Jail administrative grievance procedure.

Mr. Cisneros asserts three claims. In Claim One, he alleges that in March 2000 while he was in the custody of the jail he was assaulted by a Denver County sheriff officer. In Claim Two, he contends that after the assault Defendants subjected him to retaliatory acts by subsequently assaulting him and by subjecting him to inhumane conditions, harassment and ethnic intimidation. In Claim Three, Mr. Cisneros asserts that he was denied access to the courts. Plaintiff states that he has exhausted his administrative remedies. In one of the copies of the Complaint that he submitted he has attached copies of three grievances that he had filed. In two of the grievances he complains about the conditions of the jail including overcrowding, filth, food service, lack of outside exercise and sunlight, noise, and deprivation of sleep. The copy of the third grievance is poor quality and is not readable.

With respect to the claims that Plaintiff asserts against Defendants, he is instructed that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Cisneros must show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

Mr. Cisneros will be ordered to file an Amended Complaint in which he alleges specific facts and states how each Defendant personally participated in the asserted constitutional violations.

In addition, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes, *see Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Title 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Cisneros must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Mr. Cisernos also should take note that § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Plaintiff has not exhausted administrative remedies for all of the claims he raises in this action, the entire Complaint must be dismissed. Furthermore, § 1997e requires that Plaintiff properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

At the time the alleged constitutional violations took place Mr. Cisneros was detained in a jail facility. The claims he asserts relate to jail conditions. Therefore, he must exhaust the available administrative remedies as to each of his claims. Although Mr. Cisneros has attached copies of inmate grievance forms that he has submitted, it is not clear that he has exhausted the grievances simply by filing the grievance form and receiving a response, or if he is required to appeal the answer in order to exhaust administrative remedies. Furthermore, the grievances do not address all of the claims that he has raised in the Complaint. Therefore, Mr. Cisneros will be required to respond and state how a grievance is exhausted under the Denver County Jail grievance procedure and how, in keeping with the *Steele* pleading requirement, he has exhausted each of his claims. Accordingly, it is

ORDERED that Mr. Cisneros file **within thirty days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order and that shows cause why the Complaint should not be dismissed for failure to exhaust the Denver County Jail grievance procedure as to each of his asserted claims. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Cisneros, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

4

FURTHER ORDERED that Mr. Cisneros submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Cisneros fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED September 11, 2006, at Denver, Colorado.

                                                      BY THE COURT:

                                                     s/ Boyd N. Boland
                                                     United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-01587-BNB

Jeff R. Cisneros
Prisoner No. 54688
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 9/11/06

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk